UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------X

KEVIN OLIVER,

                  **Plaintiff,**

    -against-

The Head Sheriff of the Department & Division
of Correction of Nassau County and the Chief
Administrative Office of the Law Library

                 **Defendants.**

--------------------------------------------------------------X

**MEMORANDUM
AND ORDER**

**07-CV-4355 (NG)**

GERSHON, United States District Judge:.

      On October 12, 2007, plaintiff Kevin Oliver, currently incarcerated at Rikers Island Beacon Jail, filed this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his civil and constitutional rights. Plaintiff seeks damages and injunctive relief. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directs plaintiff to submit an amended complaint within 30 days from the entry of this Order as set forth below.

**Background**

      Plaintiff alleges that while detained at Nassau County Correctional Facility ("NCCF"), he was denied sufficient time in the law library to research and prepare for his case wherein he was representing himself. Complaint ("Compl.") at 4, ¶ IV. Specifically, plaintiff alleges NCCF only allowed prisoners access to the law library for one hour per week. Compl. at 4, ¶ IV. Plaintiff argues that NCCF's policy of one hour per week violates his civil rights and did not allow him to adequately prepare his defense. Compl. at 4, ¶ IV. Plaintiff seeks injunctive relief in the form of more library time at NCCF and damages. Compl. at 5, ¶ V.

## Discussion

A.     Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* "if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

B.     Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted) (also known as the "state action" requirement of § 1983). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

## C. Access to Law Library

The Constitution guarantees prisoners meaningful access to the courts and, unless adequate alternatives exist, reasonable access to a law library is a required part of that access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Morello v. James, 810 F.2d 344, 346-47 (2d Cir. 1987). However, the Constitution does not require unlimited and unrestricted access to a law library at the demand of a prisoner. Prison officials may impose reasonable restrictions on the use of a prison law library. See Morello, 810 F.2d at 347 (exercise of right of access to courts may be "shaped and guided by the state but cannot be obstructed"); Jermosen v. Coughlin, No. 89 Civ. 1866, 1995 WL 144155 at *4 (S.D.N.Y. Mar. 30, 1995) ("Interferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right.").

Moreover, where it is alleged that access to a law library has been denied, a plaintiff must allege that the deprivation proximately caused some actual prejudice or denial of a legal claim. See Lewis, 518 U.S. at 351-52; Morello, 810 F.2d at 347; Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997), cert. denied, 525 U.S. 823 (1998). "A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." Amaker v. Haponik, No. 98 Civ. 2663 (JGK), 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999). Notwithstanding plaintiff's claim that defendants' actions in restricting his access to the law library "stopped the plaintiff in attaining his freedom," Complaint at 4, ¶ IV.A., plaintiff's complaint does not allege any specific injury that resulted from his limited access to the NCCF law library. In addition, plaintiff seeks, as a remedy, additional NCCF law library access but the Court notes that plaintiff is no longer incarcerated at NCCF and he does not state that he will be returning to NCCF.

3

**Conclusion**

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. <u>Cuoco v. Moritsugu</u>, 222 F.3d 99,112 (2d Cir. 2000). Accordingly, the Court directs plaintiff to file an amended complaint within 30 days from the entry of this Order. The amended complaint must provide facts to support a claim that he was denied access to the law library that resulted in an injury as set forth above. Plaintiff must describe the injuries he sustained as a result of being denied sufficient time at the NCCF law library. The amended complaint shall be captioned, "AMENDED COMPLAINT" and bear the same docket number as this Order, 07-CV-4355 (NG).

No summons shall issue at this time and all further proceedings will be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed pursuant to 28 U.S.C. 1915A. Once submitted, the amended complaint will be reviewed for compliance with this Order and pursuant to 29 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

**SO ORDERED:**

s/NG

**NINA GERSHON**
**United States District Judge**

**Dated: October 24, 2007**
**Brooklyn, New York**

4