```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

KEVIN OLIVER,

                    Plaintiff,
    -against-
                                                              MEMORANDUM
The Head Sheriff of the Department & Division                 AND ORDER
of Correction of Nassau County and the Chief
Administrative Office of the Law Library,                     07-CV-4355 (NG)

                    Defendants.
-------------------------------------------------------------X
```

**GERSHON, United States District Judge:**

By order dated October 24, 2007, the Court directed plaintiff Kevin Oliver, currently incarcerated at Cape Vincent Correctional Facility, to file an amended complaint in support of his *pro se* action filed pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. On December 6, 2007, plaintiff filed an amended complaint.

## Background

Plaintiff alleges that while detained at Nassau County Correctional Facility ("NCCF"), he was denied sufficient time in the law library to research and prepare for his case wherein he was representing himself. Amended Complaint ("Amd. Compl.") at 1. Specifically, plaintiff alleges that NCCF only allowed prisoners access to the law library for one hour per week. Compl. at 4, ¶ IV; Amd. Compl. at 2. Plaintiff also alleges, *inter alia*, that NCCF did not have a paralegal available or trained inmates working in the law library, and that supplies and access to books was limited. Amd. Compl. at 4-5. Plaintiff alleges that he "could have defenced his self better if he has better access to the court, if he has reasonable time in the law library he would have to right to regain his freedom." Amd. Compl. at 8.

## Discussion

A.     Standard of Review

Under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* "if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Giano v. Goord, 250 F.3d 146, 149 (2d Cir. 2001). As plaintiff is proceeding *pro se*, the Court is obliged to construe his pleadings liberally and interpret plaintiff's pleadings as raising the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

B.     Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (internal citations omitted) (also known as the "state action" requirement of § 1983). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

C.  Access to the Law Library

The Constitution guarantees prisoners meaningful access to the courts and, unless adequate alternatives exist, reasonable access to a law library is a required part of that access. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Morello v. James, 810 F.2d 344, 346-47 (2d Cir. 1987). However, the Constitution does not require unlimited and unrestricted access to a law library at the demand of a prisoner. Prison officials may impose reasonable restrictions on the use of a prison law library. See Morello, 810 F.2d at 347 (exercise of right of access to courts may be "shaped and guided by the state but cannot be obstructed"); Jermosen v. Coughlin, No. 89 Civ. 1866, 1995 WL 144155 at *4 (S.D.N.Y. Mar. 30, 1995) ("Interferences that merely delay an inmate's ability to work on a pending cause of action or to communicate with the courts do not violate this constitutional right.").

Moreover, where it is alleged that access to a law library has been denied, a plaintiff must allege that the deprivation proximately caused some actual prejudice or denial of a legal claim. See Lewis, 518 U.S. at 351-52; Morello, 810 F.2d at 347; Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997), cert. denied, 525 U.S. 823 (1998). "A hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." Amaker v. Haponik, No. 98 Civ. 2663 (JGK), 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999). As in the original complaint, plaintiff fails to allege any specific injury that resulted from his limited access to the NCCF law library. Instead, plaintiff describes conditions of the law library as affecting all NCCF inmates and alleges in a conclusory manner that the "denied access to the law library has definitely hurt the plaintiff at the matter at hand and to others as well." Amd. Compl. at 8. Thus, plaintiff fails to allege, as directed, a specific injury that proximately caused some actual prejudice or denial of a legal claim.

3

## Conclusion

Accordingly, having provided plaintiff with an opportunity to amend the complaint and the amended complaint having failed to comply with the Court's order, the action, filed *in forma pauperis,* is hereby dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: January 24, 2008
Brooklyn, New York